UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RA 'TAH B. MENIOOH,<br><br>    Plaintiff,<br><br>    v.<br><br>DENNIS GAGNON, et al.,<br><br>    Defendants. | Case No. 21-cv-08495-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 33 |

    Meniooh alleges that Eureka police officers Gagnon and Stanley violated his Fourth and Fourteenth Amendment rights on January 27, 2019, by racially profiling him and using excessive force. The complaint also alleges *Monell* liability against the city of Eureka and its former police chief, Watson, in his official capacity. (Watson is not named in the caption of the complaint, but this understanding of the complaint was agreed to by the plaintiff and counsel for all the defendants at the motion hearing on September 8.) This motion to dismiss was made on behalf of Eureka only.

    The complaint was filed on November 1, 2021, more than two and a half years after the alleged incident. In California, the statute of limitations for a section 1983 claim is two years. *Lockett v. County of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020). Section 1983 does not provide its own statute of limitations, so federal law borrows the forum state's statute of limitations for personal injury claims. *Id.* In California, that statute of limitations is two years. *Id.*; Cal. Code Civ. Pro. § 335.1. Borrowing state law in this way has been described as furthering the principle of "uniformity." *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985). The uniformity provided, however, is not uniformity between states, but rather uniformity within a

state. *Id.* For example, excessive force by a police officer may give rise to both a battery claim under state tort law and a section 1983 claim under federal law (based on the Fourth Amendment). Since the federal claim borrows the state law statute of limitations, the two claims must be brought within the same period of time. For this reason, however, cases holding that section 1983 claims can be brought within three years in other states are not applicable in California.

Meniooh's belief that the statute of limitations was three years was an understandable mistake. But this Court is bound by Ninth Circuit caselaw regarding the two-year limit, and the Court sees no basis for tolling the statute of limitations.

A motion to dismiss based on a statute of limitations may only be granted when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). And the Court construes the complaint liberally in favor of Meniooh as a pro se litigant. But in this case, "no set of facts . . . would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

As the section 1983 claims are clearly barred by the statute of limitations, the claims against the city are dismissed without leave to amend. As discussed at the hearing, although the rationale of this ruling presumably applies to the remaining defendants, they are required to file their own motions. For efficiency, those motions can simply incorporate Eureka's arguments by reference.

**IT IS SO ORDERED.**

Dated: September 12, 2022

_____
VINCE CHHABRIA
United States District Judge